**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Encore Operating LP and William A. Stewart d/b/a William A. Stewart & Associates, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| Stephen Morris, Blue Diamond LLC, Terina Bailey, Joann Nelson, and Panda Petroleum, Inc., | ) ) ) ) | |
| Defendants; | ) ) | Case No. 1:06-cv-086 |
| Stephen Morris, Blue Diamond LLC, Terina Bailey and Joann Nelson, | ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| vs. | ) ) | |
| Scott Schroeder, | ) ) | |
| Third-Party Defendant. | ) ) ) | |
| | ) ) | **ORDER DENYING DEFENDANT PANDA PETROLEUM INC.'S MOTION** |
| Encore Operating LP and William A. Stewart & Associates, | ) ) ) | **TO DISMISS** |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| | ) | Case No. 1:06-cv-088 |
| Evertson Operating Company, Inc., Evertson Well Service, Inc., Evertson Exploration, LLC, Evertson Oil Company, Inc., Evertson Limited Family Partnership, Evertson Management, Inc., Evertson Energy Partners, LLC, Evertson Energy Partners Royalty, LLC, Castronics, Inc., and Everair, LLC, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Before the Court is defendant Panda Petroleum Inc.'s Motion to Dismiss filed on January 5, 2007. The Plaintiffs filed a response in opposition on February 5, 2007. For the following reasons, the Defendant's motion is denied.

## I.     BACKGROUND

On November 16, 2006, Encore Operating LP and William A. Stewart d/b/a William A. Stewart & Associates (hereinafter "Encore") filed suit against Panda Petroleum, Stephen Morris, Terina Bailey, Joann Nelson, Blue Diamond LLC, and Evertson Operating Company, Inc., and its subsidiaries. Encore alleged three claims for relief: (1) trade secret misappropriation and breach of contract; (2) negligent interference with prospective business advantage; and (3) civil conspiracy. The only claim alleged against Panda Petroleum was for trade secret misappropriation.

Numerous pleadings have been filed since the filing of the complaint and Panda Petroleum's filing of the motion to dismiss. These pleadings include three affidavits filed on November 20, 2006, in support of Encore's motion for temporary restraining order. See Docket No. 6. The affidavits were of Kent Reierson, attorney for Encore, Linda Johansson, landman for Encore, and Mark Carter, senior landman for Encore. See Docket Nos. 3, 4, 5. On January 4, 2007, Encore also filed an affidavit of landman Scott Schroeder. See Docket No. 38. Panda Petroleum filed this motion to dismiss on January 5, 2007. On January 9, 2007, the Court held a hearing on Encore's motion for preliminary injunction, and issued an order on January 17, 2007, denying Encore's motion.

**III.     LEGAL DISCUSSION**

Panda Petroleum seeks dismissal of the present action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In its memorandum in support of the motion, Panda Petroleum cites to the affidavits of Reierson, Johansson, Carter, and Schroeder, and asks the Court to consider those materials outside of the complaint in ruling on the motion to dismiss. Encore's response to the motion to dismiss asks the Court to consider testimony from the January 9, 2007, hearing as well as findings of fact from the Court's January 17, 2007, order denying Encore's motion for preliminary injunction. In its response, Encore requests that either the Court consider the materials outside the complaint and treat the motion to dismiss as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure or, in the alternative, that the Court ignore the materials outside of the complaint and rule on the motion to dismiss.

It is well-settled in the Eighth Circuit that motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or in opposition to the motion. Casazza v. Kiser, 313 F.3d 414, 417-18 (8th Cir. 2002); Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999). "For example, a district court does not convert a motion to dismiss into a motion for summary judgment when it does not rely upon an affidavit in dismissing a claim, or when the district court makes clear that it ruled only on the motion to dismiss. Casazza v. Kiser, 313 F.3d 414, 417-18 (8th Cir. 2002)(citations omitted). Because discovery is in the early stages, the Court will treat Panda Petroleum's motion as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The standard for a district court to employ in ruling on a motion to dismiss is well-established. Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004). "A district court must accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." Id. (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996)). "[D]ismissal is inappropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" McCormack v. Citibank, N.A., 979 F.2d 643, 646 (8th Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "A motion to dismiss should be granted 'as a practical matter . . . only in the unusual case in which there is some insuperable bar to relief.'" Strand v. Diversified Collection Service, Inc., 380 F.3d 316, 317 (8th Cir. 2004) (citing Frey v. Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974))). It is clear under the Federal Rules of Civil Procedure that it is not necessary to plead every fact with formalistic particularity. BJC Health System v. Columbia Gas. Co., 348 F.3d 685, 688 (8th Cir. 2003). "A pleading which sets forth a claim for relief . . . shall contain a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court generally must ignore materials outside the pleadings. However, the Court may consider "some materials that are part of the public record or do not contradict the complaint," Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir.1999 ), as well as materials that are "necessarily embraced by the pleadings." Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co., 967 F. Supp. 1148, 1152 (D. Minn. 1997). See also 5C Charles A. Wright & Arthur R. Miller, Federal Practice and

4

Procedure: Civil 3d § 1366, at 184-86 (2004) (providing that a court may consider "exhibits that are attached to the pleading, matters of which the district court can take judicial notice, and items of unquestioned authenticity that are referred to in the challenged pleading and are 'central' or 'integral' to the pleader's claim for relief"). The affidavits and testimony cited by Panda Petroleum and Encore were neither included nor referred to in the complaint. See Docket No. 1. Thus, the Court will ignore those materials in ruling on the present motion.

In the complaint, Encore's claim for trade secret misappropriation alleges that Panda Petroleum "received leases resulting from the other defendants' use of Encore's confidential and proprietary information" and that Panda Petroleum's use of such information will harm the Plaintiffs. See Docket No. 1. Both the Montana and North Dakota versions of the Uniform Trade Secrets Act define misappropriation of a trade secret as follows:

> a. Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
> b. **Disclosure or use of a trade secret of another without express or implied consent by a person who**:
> > (1) Used improper means to acquire knowledge of the trade secret;
> > (2) **At the time of disclosure or use, knew or had reason to know that the person's knowledge of the trade secret was**:
> > > (a) Derived from or through a person who had utilized improper means to acquire it;
> > > **(b) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or**
> > > **(c) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or**
> > (3) Before a material change of the person's position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

N.D.C.C. § 47-25.1-01(2) (2005); Mont. Code Ann. § 30-14-402(2) (emphasis added).

5

If Encore's allegations in the complaint are taken as true, Panda Petroleum currently possess leases acquired as a result of the other defendant's alleged use of Encore's misappropriated trade secrets.  Under the Uniform Trade Secrets Act, unpermitted use of a trade secret by someone who knows or has reason to know that the trade secret was acquired improperly is misappropriation. Although Encore does not allege with specificity whether Panda Petroleum knew or had reason to know that the alleged trade secret was acquired improperly, it does not appear beyond doubt that Encore can prove no set of facts in support of its claim which will entitle it to relief.  The judicial remedies created under the Uniform Trade Secrets Act for misappropriation include injunctions and "affirmative acts" such as compelling assignment or constructive trusts.

A plain reading of the complaint reveals that Encore has satisfied Rule 8(a) of the Federal Rules of Civil Procedure which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Drawing all reasonable inferences in Encore's favor, the Court finds no basis for granting a dismissal under Rules 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## II.    CONCLUSION

For the reasons set forth above, the Court **DENIES** defendant Panda Petroleum Inc.'s Motion to Dismiss.  (Docket No. 46).

Dated this 20th day of February, 2007.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court