# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
### SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| **Encore Operating LP and William A. Stewart d/b/a William A. Stewart & Associates,** | ) ) ) ) | **Case No. 1:06-cv-086** |
| **Plaintiffs,** | ) ) | |
| vs. | ) ) | |
| **Stephen Morris, Blue Diamond LLC, Terina Bailey, Joann Nelson, and Panda Petroleum, Inc.,** | ) ) ) ) | |
| **Defendants;** | ) ) | **SCHEDULING/DISCOVERY PLAN** |
| **Stephen Morris, Blue Diamond LLC, Terina Bailey and Joann Nelson,** | ) ) ) | |
| **Third-Party Plaintiffs,** | ) ) | |
| vs. | ) ) | |
| **Scott Schroeder,** | ) ) | |
| **Third-Party Defendant.** | ) | |
| **Encore Operating LP and William A. Stewart d/b/a William A. Stewart & Associates,** | ) ) ) ) | **Case No. 1:06-cv-088** |
| **Plaintiffs,** | ) ) | |
| vs. | ) ) | |
| **Evertson Operating Company, Inc., Evertson Well Service, Inc., Evertson Exploration, LLC, Evertson Oil Company, Inc., Evertson Limited Family Partnership, Evertson Management, Inc., Evertson Energy Partners Royalty, LLC, Castronics, Inc., and Everair, LLC,** | ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

1

Pursuant to Rule 26(f), counsel for the parties certify that on or before April 26, 2007 they conferred in person or by telephone [**conferences by e-mail or letter not permitted**] to discuss the nature and basis of their clients' claims and defenses, the possibilities for a prompt settlement or resolution of the case, and a proposed discovery plan. After conferring, counsel for the parties have agreed upon the following:

1. The parties have made and will finish making by May 31, 2007 Rule 26(a)(1) disclosures as follows:

    a. the name and the address of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses; and

    b. a copy of, or a description and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses.

2. The issues on which the parties need to conduct discovery are:

    a. Whether the information alleged to be used by the Defendants was confidential information of Encore;

    b. Whether the information alleged to be used by the Defendants was proprietary information of Encore;

    c. The extent to which Encore took reasonable steps to protect and keep confidential the information Encore claims is confidential and proprietary;

    d. The extent to which Encore disclosed to third parties the information Encore

        claims is confidential and proprietary;

  e.    Whether there was a duty to keep the information alleged by Encore to have been utilized by Defendants confidential;

  f.    Whether actions of the Defendants' complained of by the Plaintiffs interfered with Encore's ability to enter into oil and gas leases in the "prospect" area, including:

      i.    Whether such alleged actions, if they occurred, were disadvantageous to Encore;

      ii.    Whether such alleged actions, if they occurred, were advantageous to the Defendants; and

      iii.    Whether such alleged actions, if they occurred, were advantageous to other third parties.

3.    The parties shall have until **December 3, 2007** to complete fact discovery and to file discovery motions.

4.    The parties shall provide the names of expert witnesses and complete reports under Rule 26(a)(2) as follows:

    The names of any experts and their reports shall be provided to opposing counsel on or before **January 7, 2008.** The names of any rebuttal experts and their reports shall be provided on or before **February 4, 2008**.

5.    The parties shall have until **March 14, 2008** to complete discovery depositions of expert witnesses.

6.    The parties shall have until **January 4, 2008** to move to join additional parties.

7. The parties shall have until **January 4, 2008** to move to amend pleadings to add claims or defenses, except for claims for punitive damages for which the deadline shall be August 15, 2007.

8. The parties shall have until **March 31, 2008** to file other nondispositive motions (e.g., consolidation, bifurcation).

9. The parties shall have until **March 31, 2008** to file threshold motions (e.g., jurisdiction, qualified immunity, statute of limitations). Discovery (~~shall~~/shall not) be stayed during the pendency of such motions.

10. The parties shall have until **May 2, 2008** to file other dispositive motions (summary judgment as to all or part of the case).

11. Each party shall serve no more than **25** interrogatories, including subparts. No broad contention interrogatories (i.e., "List all facts supporting your claim that . . .") shall be used. (Show good cause for more than the 25 interrogatories allowed by Rule 33).

12. Each side shall take no more than **10** discovery depositions. (Show good cause for more than the 10 depositions allowed by Rule 30.)

13. Depositions taken for presentation at trial shall be completed **20** days before trial.

14. Counsel have discussed between themselves and explored with their clients early involvement in alternative dispute resolution. The following option(s) would be appropriate in this case:

    \_\_\_\_ arbitration

    \_X\_ mediation (choose one):

       \_\_\_\_ private mediator

      __ X __ court-hosted early settlement conference-should the conference be held before a judge who will not be the trial judge?

       __ X __ Yes

       _____ doesn't matter

      __ X __ early neutral evaluation before (choose one):

        __ X __ judge other than trial judge

        _____ neutral technical expert

        _____ neutral attorney

      _____ other (specify)_____

      _____ none (explain reasons) _____.

    The parties shall be ready to evaluate the case for settlement purposes by **June 29, 2007**. (If an ADR option other than a court-hosted settlement conference is chosen, counsel shall designate one of themselves to report back to the magistrate judge that the ADR effort was completed and whether or not it was successful). The court reminds the parties that early involvement in ADR is voluntary, not mandatory. Participation in ADR is encouraged by the court but is not required except for a settlement conference shortly before trial.

15.  A mid-discovery status conference (~~would~~/would not) be helpful in this case. An appropriate time for the conference would be (list month).

16.  The parties (~~will~~/will not) voluntarily waive their rights to proceed before a district judge and consent to have a magistrate judge conduct any and all further proceedings

in the case, including the trial, and order the entry of a final judgment.

17. Trial of this case will be (jury/~~nonjury~~).

18. The estimated length of trial is **7** days.


Dated:_____                           PEARCE & DURICK

                                              By_____
                                                 B. TIMOTHY DURICK, ID #02994
                                                 LAWRENCE BENDER, ID #03908
                                                 P. O. Box 400
                                                 Bismarck, ND 58502-0400
                                                 (701) 223-2890


Dated:_____                           Fleck, Mather & Strutz

                                              By_____
                                                 John W. Morrison, Jr.
                                                 400 E. Broadway, Suite 600
                                                 P.O. Box 2798
                                                 Bismarck, ND 58502-2798


Dated:_____                           Vogel Law Firm

                                              By_____
                                                 Monte L. Rogneby
                                                 H. Patrick Weir
                                                 200 N. 3rd Street, Suite 201
                                                 P.O. Box 2097
                                                 Bismarck, ND 58502-2097


Dated:_____                           By_____
                                                 Dennis Edward Johnson
                                                 109 5th St. NW
                                                 P.O. Box 1260
                                                 Watford City, ND 58854-1260

Dated:_____                    Faure Holden Attorneys at Law, P.C.

                                                                  By_____
                                                                     Jason T. Holden
                                                                     P.O. Box 2466
                                                                     Great Falls, MT 59403-2466

**ORDER**

The above scheduling/discovery plan is approved with the following additions/modifications:

Dated: April 30, 2007                    /s/ Charles S. Miller, Jr.
                                         Charles S. Miller, Jr.
                                         United States Magistrate Judge