## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Encore Operating LP and William A. Stewart d/b/a William A. Stewart & Associates, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| Stephen Morris, Blue Diamond LLC, Terina Bailey, Joann Nelson, and Panda Petroleum, Inc., | ) ) ) ) | |
| Defendants; | ) ) | Case No. 1:06-cv-086 |
| Stephen Morris, Blue Diamond LLC, Terina Bailey and Joann Nelson, | ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| vs. | ) ) ) | **ORDER GRANTING PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL AGAINST DEFENDANT PANDA PETROLEUM, INC.** |
| Scott Schroeder, | ) ) | |
| Third-Party Defendant. | ) ) | |
| _____ | ) ) | |
| Encore Operating LP and William A. Stewart & Associates, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | Case No. 1:06-cv-088 |
| Evertson Operating Company, Inc., Evertson Well Service, Inc., Evertson Exploration, LLC, Evertson Oil Company, Inc., Evertson Limited Family Partnership, Evertson Management, Inc., Evertson Energy Partners, LLC, Evertson Energy Partners Royalty, LLC, Castronics, Inc., and Everair, LLC, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

1

Before the Court is the Plaintiffs' Motion to Dismiss its complaint against the defendant, Panda Petroleum, Inc., filed on September 21, 2007. For the following reasons, the motion is granted.

## I.  BACKGROUND

On November 16, 2006, Encore Operating LP and William A. Stewart d/b/a William A. Stewart & Associates ("Encore") filed suit against Panda Petroleum, Inc., Stephen Morris, Terina Bailey, Joann Nelson, Blue Diamond LLC, and Evertson Operating Company, Inc., and its subsidiaries. Encore alleged three claims for relief: (1) trade secret misappropriation and breach of contract; (2) negligent interference with prospective business advantage; and (3) civil conspiracy. The only claim alleged against Panda Petroleum was for trade secret misappropriation.

On November 17, 2006, Encore filed a motion for a temporary restraining order which the Court granted on November 21, 2006. Thereafter, the Court scheduled a show-cause hearing to consider whether a preliminary injunction should be entered. Prior to the hearing, defendants Stephen Morris, Blue Diamond LLC, Terina Bailey and Joanne Nelson (hereinafter "Morris") agreed to a preliminary injunction. On January 5, 2007, Panda Petroleum filed a motion to dismiss. On January 9, 2007, the Court held a hearing on Encore's motion for preliminary injunction and issued an order on January 17, 2007, denying Encore's motion for a preliminary injunction against Panda Petroleum Inc., and Evertson Operating Company, Inc. and its subsidiaries. On February 20, 2007, the Court denied Panda Petroleum's motion to dismiss.

Encore indicates that the parties have attempted to resolve their differences, and that all parties of record, except Panda Petroleum, have agreed to execute a stipulation of dismissal. Encore

requests that the Court dismiss the remaining claim against Panda Petroleum pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  On October 11, 2007, Panda Petroleum filed a response to Encore's motion and stated that it did not object to a dismissal of the action with prejudice, but Panda Petroleum requested an award of costs and attorneys' fees.  Panda Petroleum contends that the Court has the discretion to award costs and attorneys' fees pursuant to Section 47-25.1-04 of the North Dakota Century Code.  Panda Petroleum argues that costs and attorneys' fees are appropriate because the claims of trade secret misappropriation asserted against it were made in bad faith.

## II.     LEGAL ANALYSIS

Rule 41(a)(2) of the Federal Rules of Civil Procedure states in relevant part that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."  Unless otherwise stated, dismissals under Rule 41(a)(2) are to be made without prejudice.  Fed. R. Civ. P. 41(a)(2).  It is well-established that "[m]otions to dismiss without prejudice are addressed to the sound discretion of the district courts."  Witzman v. Gross, 148 F.3d 988, 991-92 (8th Cir. 1998) (citing Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984)).  In exercising its discretion a court should consider the following factors: "(1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant."  Witzman, 148 F.3d 988, 992 (citing Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987)).  These factors aside, the primary purpose of Rule 41(a)(2) is "to prevent involuntary dismissals which unfairly affect the other side."  Paulucci, 826 F.2d 780, 782.  For that reason, "[i]f the motion is made at an early

stage of the case, before much has happened and only limited resources have been invested, it is more likely to be granted." 9 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2364, p. 290 (2d ed. 1995).

Encore contends that a dismissal will not prejudice Panda Petroleum. The record reveals that Panda Petroleum has not asserted a cross-claim against Encore, has no pending motions, and does not object to a dismissal of this action with prejudice. The Court, after careful consideration of all relevant factors, concludes that a Rule 41(a)(2) dismissal is warranted under the circumstances. The Court, in its discretion, further finds that an award of costs and attorneys' fees to Panda Petroleum is neither warranted nor appropriate and the request for such an award is denied.

### III.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Plaintiffs' Motion to Dismiss. (Docket No. 87). The Court **ORDERS** that the case be dismissed against Panda Petroleum, Inc., with prejudice and without costs or disbursement to any party.

**IT IS SO ORDERED.**

Dated this 18th day of October, 2007.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court